# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JERRY NEW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:18-cv-01771-SGC ) |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**[1]

Plaintiff Jerry New appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1). Plaintiff timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review. For the reasons stated below, the Commissioner's decision is due to be affirmed.

## **I.  FACTS, FRAMEWORK, AND PROCEDURAL HISTORY**

Plaintiff was fifty-one years old when he filed his application and fifty-four at the time of the unfavorable decision issued by the Administrative Law Judge ("ALJ"). (R. 25, 245). Plaintiff speaks English and has a high school education.

---

[1] The parties have contented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11).

(R. 24). Plaintiff has prior work experience as a cabinet maker/installer. (*Id.*). Plaintiff filed the instant application on July 9, 2015, alleging a disability onset of February 27, 2015, due to severe arthritis, amputated toes, nerve damage, and torn ligaments. (R. 170). Plaintiff's date last insured was December 31, 2018. (R. 16). Plaintiff testified his injuries stemmed from a traffic accident twenty-five years earlier, but that his pain and other symptoms got progressively worse, particularly since approximately 2013 or 2014. (R. 143-45; *see* R. 154).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled, and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise,

the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled, and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Plaintiff had not engaged in SGA since his application date. (R. 16). At step two, the ALJ found

Plaintiff suffered from the following severe impairments: (1) upper extremity fracture; (2) arthritis; (3) left knee pain; and (4) right foot pain. (*Id.*).[2]

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments. (R. 18-19). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following restrictions:

> he can lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; push and/or pull 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand for 6 hours in an 8-hour workday; and walk for 6 hours in an 8-hour workday. He can operate foot controls frequently with both feet, and operate hand controls frequently with both hands. He can handle and finger items frequently with the right hand and unlimited with the left hand. He can frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; and frequently balance, kneel, crouch, and crawl. He can never work at unprotected heights, or around moving mechanical parts; never operate a motor vehicle; and must avoid more than occasional exposure to extreme cold. He should have the option to sit or stand at will, and his time off task can be accommodated by normal breaks.

(R. 19).

At step four, the ALJ determined Plaintiff could not perform his past relevant work as cabinet installer but could perform other widely available jobs. (R. 24).[3] Accordingly, the ALJ concluded Plaintiff was not disabled. (R. 25).

---

[2] The ALJ also determined other impairments noted by Plaintiff—hypertension, an umbilical hernia, hyperlipidemia, depression, and anxiety—were not severe. (R. 17-18). Plaintiff does not take issue with these conclusions.

4

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar.*

---

[3] The Appeals Council ("AC") granted Plaintiff's request for review and largely adopted the ALJ's findings. (R. 4-8). The portion of the ALJ's decision the AC did not accept related to the types of jobs Plaintiff could perform. (R. 5). Specifically, the AC determined Plaintiff could not work as a cafeteria attendant, laundry worker, or cleaner but could perform the jobs of ticket taker, storage facility clerk, and cashier. (R. 6).

*Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. DISCUSSION

On appeal, Plaintiff contends the ALJ erred by improperly evaluating his credibility under the Eleventh Circuit's pain standard. (Doc. 14 at 4). More specifically, Plaintiff argues the ALJ cherry-picked treatment records to support the conclusion that Plaintiff's allegations were inconsistent with the medical evidence. (*Id.* at 6-11). Additionally, Plaintiff notes the ALJ relied on one treatment record which belonged to another claimant. (*Id.* at 6-7).

The Eleventh Circuit has established a three-part pain standard to assess a claimant's subjective pain testimony:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test

6

showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). An individual's statement as to pain is not conclusive evidence of disability; there must also be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, to support the statement. 42 USC § 423(d)(5)(A). Thus, a claimant's subjective pain testimony supported by medical evidence supports a finding of disability. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must articulate explicit and adequate reasons for discrediting a claimant's subjective testimony regarding pain. *Wilson*, 284 F.3d at 1225.

The determination of whether a medical condition can reasonably be expected to give rise to pain is a question of fact subject to the substantial evidence standard of review. *See Lamb v. Bowen*, 847 F.2d 698, 702 (11th Cir. 1988). Inconsistencies in the record allow the ALJ to choose between conflicting evidence and make his own credibility assessment. *See Wind v. Barnhart*, 133 F. App'x 684, 691 (11th Cir. 2005).

Plaintiff alleges disability due to pain in his left knee, right wrist, and right foot. (*See* Doc. 14 at 5). In his function report, Plaintiff reported requiring assistance in: (1) getting dressed; (2) showering; (3) using the toilet; (4) feeding

himself; (5) shaving; and (6) combing his hair. (R. 288-89). Plaintiff further reported he could not drive, cook, clean, or perform yard work and that his girlfriend did all the grocery shopping. (R. 289-292). Plaintiff also noted pain limited his ability to stand, sit, walk, lift, reach, bend, kneel, squat, climb stairs, concentrate, and complete tasks. (R. 293). Plaintiff further stated he used a cane to avoid falling. (R. 294).

During the ALJ hearing, Plaintiff testified he took prescribed medication for hypertension, anxiety, and depression. (R. 137). However, Plaintiff did not testify to taking any medication to treat arthritis or pain; instead, Plaintiff testified he took four to six Advil each day. (R. 136-37). Plaintiff also testified his daily routine consisted of: (1) sitting with his legs elevated for six to eight hours per day; (2) doing laundry; (3) doing what he could to keep the house clean; and (4) walking to his mother's house—twenty-five yards from his house—twice a day to check on her. (R. 138-39, 144). Plaintiff also testified he could stoop and lift 10 to 15 pounds. (R. 142, 147).

Imaging revealed degenerative arthritic changes in Plaintiff's right wrist, as well as a meniscus tear, a likely anterior cruciate ligament rupture, degenerative arthritic changes, and a medial collateral ligament sprain in his left knee. (*See* R. 21). The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. (R. 20). However, the

ALJ concluded Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). Specifically, the ALJ pointed to medical records which did not reflect complaints of disabling pain and indicated his impairments were not as limiting as alleged.

As to records which did not reflect Plaintiff's complaints of pain and swelling, the ALJ noted instances in which he visited his primary physician, Roland Cook, M.D., including: (1) an April 21, 2016 visit—occasioned by a laceration on Plaintiff's right hand—during which Plaintiff denied joint pain, swelling, and weakness,[4] and Dr. Cook's physical examination revealed normal extremities and a lack of distress (R. 418; *see* R. 21); (2) a July 12, 2016 visit to address right hand pain following a fall, during which Dr. Cook noted Plaintiff was not in distress, and his extremities appeared normal (R. 422; *see* R. 21); (3) an October 18, 2016 visit during which Plaintiff denied joint pain, swelling, and weakness, and Dr. Cook's physical examination revealed normal extremities (R. 425; *see* R. 21); and (4) a January 19, 2017 visit to address a skin rash, during which Plaintiff denied joint pain, swelling, and weakness, and Dr. Cook's physical examination revealed normal extremities (R. 428; *see* R. 21).

---

[4] The ALJ also correctly observed that Dr. Cook's treatment record noted Plaintiff injured his had while working on a barn. (R. 21; *see* R. 418).

9

The ALJ also noted the medical evidence did not substantiate Plaintiff's testimony and statements regarding his limitations. Specifically, the ALJ noted Plaintiff testified he kept his legs elevated for six to eight hours each day due to swelling. (R. 20).[5] Relying on the same treatment notes described above, the ALJ cited the numerous instances in which no extremity swelling was found. (R. 21; *see* R. 418, 422, 425, 428). Next, regarding Plaintiff's statement in his function report that he used a cane for ambulation, the ALJ noted: (1) no physician ever mentioned the need to use an assistive device; and (2) an October 11, 2016 treatment note reflecting Plaintiff's normal gait and posture. (R. 21-22; *see* R. 404). These are acceptable reasons for discounting Plaintiff's subjective testimony regarding pain. *Miles v. Comm'r*, 652 F. App'x 923, 927 (11th Cir. 2016) (affirming Commissioner's denial of benefits where objective evidence contradicted claimant's allegations of pain).

Plaintiff contends the ALJ only addressed portions of the record which supported the conclusion he was not disabled. First, Plaintiff points to the ALJ's reliance on a treatment note belonging to another patient; this treatment note has been removed from the district court record. (Doc. 14 at 6-7; *see* R. 368-78). However, the ALJ only relied on this erroneously included evidence to show: (1) Plaintiff denied joint pain, swelling, muscle pain, and weakness; and (2) physical

---

[5] Plaintiff has adopted the ALJ's recitation of his testimony. (Doc. 14 at 3).

examination revealed normal extremities without swelling. (R. 21). Because multiple other treatment notes belonging to Plaintiff revealed the same findings, the ALJ's citation of this erroneously included record is harmless error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ's factual error was harmless where correct factual finding would have yielded the same result).

Next, Plaintiff takes issue with the ALJ's reliance on Dr. Cook's treatment notes from April 21, 2016, and January 19, 2017, because Plaintiff sought treatment for discreet complaints—a laceration and a rash—on these occasions. (Doc. 14 at 7). Similarly, Plaintiff points to seemingly contradictory statements in Dr. Cook's treatment note from the October 18, 2016 visit. (*Id.*). Specifically, the ALJ correctly cited the record as showing: (1) Plaintiff denied joint pain, swelling, muscle pain, and weakness; and (2) physical examination revealed Plaintiff's extremities were "normal." (R. 21 ; *see* R. 425). Plaintiff notes other portions of the October 18, 2016 treatment record refer to his complaints of constant and chronic joint pain. (Doc. 14 at 7; *see* R. 424-25). However, the question here is not whether the ALJ could have reached a different conclusion regarding Plaintiff's disability; the relevant inquiry is whether the conclusion is supported by substantial evidence. *See Dyer*, 395 F.3d at 1212. Here, substantial evidence supports the ALJ's conclusions.

To the extent Plaintiff relies on records from Anniston Orthopedics, the ALJ summarized Plaintiff's treatment there with Michael Wiedmer, M.D. (R. 21).[6] The ALJ assigned significant weight to Dr. Wiedmer's opinion that Plaintiff's impairments would prevent him from returning to his previous line of work. (R. 23).[7] Similarly, the ALJ afforded significant weight to the opinion of Sathyan Iyer, M.D., who performed a consultative examination on September 28, 2015. (R. 22-23). Dr. Iyer opined Plaintiff was limited in his ability to push, pull, carry heavy weight, squat, climb, hold items, stand for long periods, and walk for long distances. (*See* R. 22-23). The ALJ incorporated the limitations imposed by Dr. Wiedmer's and Dr. Iyer's opinions into Plaintiff's RFC; Plaintiff has not offered any contrary opinions from medical sources. (*Id.*; R. 19). The AC agreed with the ALJ's treatment of this opinion evidence. (R. 5). The ALJ's adherence to these opinions undercuts Plaintiff's attempt to use the underlying objective findings to dispute the ALJ's conclusions. (*See* Doc. 14 at 8-10).

Based on the foregoing, the ALJ correctly applied the Eleventh Circuit's pain standard and properly discounted Plaintiff's testimony concerning the severity of his pain. *See Costigan v. Comm'r, Soc. Sec.,* 603 F. App'x 783, 787 (11th Cir.

---

[6] This summary included the portion of the February 8, 2016 treatment note which reported it was "getting hard for [Plaintiff] to do his job." (R. 21; *see* R. 365).

[7] The ALJ having assigned significant weight to Dr. Wiedmer's opinion and incorporated it into the RFC determination, it is not necessary to address Plaintiff's arguments regarding the ALJ's characterization of the imaging Dr. Wiedmer ordered. (*See* Doc. 14 at 9).

2015) (ALJ did not err in discrediting claimant's subjective complaints after specifically articulating reasons for rejecting them).

## IV. CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 30th day of March, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE